IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )       4:02CR3130
                                )
      v.                        )
                                )
MALINDA J. POLEY,               )       MEMORANDUM OPINION
                                )
            Defendant.          )
_____)
```

This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence (Filing No. 42). Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds defendant's motion should be denied.

On July 17, 2002, a one-count sealed indictment was filed in the United States District Court for the District of Nebraska against Malinda J. Poley ("the defendant"), charging that from on or about April, 1999, and continuing through April, 2002, the defendant did knowingly and intentionally combine, conspire, confederate and agree, together with other persons, some known and some unknown, to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). The defendant was arrested on a warrant on August 19, 2002, and

initially entered a plea of not guilty.  At the change of plea hearing on November 22, 2002, the defendant plead guilty to Count I of the indictment.  The Court sentenced the defendant to 151 months imprisonment, which was to run concurrently with the remaining portion of state sentence the defendant was serving, five years of supervised release, and a $100 special assessment.  The judgement and committal order was entered on March 3, 2003.  The defendant did not appeal.

On February 27, 2004, the government filed a motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure, based on the substantial assistance provided by the defendant.  The Court granted the government's motion on December 20, 2004, and reduced the defendant's sentence to 100 months.

The defendant filed the instant motion on December 23, 2005, seeking to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.  The defendant, however, is precluded from seeking § 2255 relief because her petition is untimely.  Under the Antiterrorism and Effective Death Penalty Act of 1996, (AEDPA), a § 2255 petition must be filed within one year of "the date on which the judgment of conviction becomes final."  *See* 28 U.S.C. § 2255; *Campa-Fabela v. U.S.*, 339 F.3d 993 (8th Cir. 2003).  When a conviction is not appealed, that conviction becomes final ten days after the entry of judgment.  *See Never*

*Misses A Shot v. U.S.,* 413 F.3d 781, 782 (8th Cir. 2005), *reh'g and reh'g en banc denied* (Sept. 15, 2005) (citing Fed. R. App. P. 4(b)(1)(A) and *Griffith v. Kentucky*, 479 U.S. 314, n. 6, (1987)). Because the defendant did not appeal her conviction, her conviction became final on March 13, 2003, ten days after the entry of judgment. The one-year window in which the defendant had to file a § 2255 petition, therefore, expired on March 13, 2004. Thus, defendant's § 2255 petition, which was filed on December 23, 2005, is untimely.

Defendant's argument that her petition is timely because she filed her § 2255 petition within one year from the date of her Rule 35 re-sentencing is unavailing. A reduction in sentence under Rule 35 does not change the finality of the judgment. *See* 18 U.S.C. § 3582(b);[1] *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001); *United States of America v.*

---

[1] 18 U.S.C. § 3582(b) provides:

> **(b) Effect of finality of judgment.**--Notwithstanding the fact that a sentence to imprisonment can subsequently be--
>
>   **(1)** modified pursuant to the provisions of subsection (c);
>   **(2)** corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>   **(3)** appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
>   a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

*Schwartz,* 274 F.3d 1220, 1224 (9th Cir. 2001)(citing *Sanders*); and *United States v. LaFromboise,* 427 F.3d 680, 685, n. 7, (9th Cir. 2005).  Accordingly, the defendant's § 2255 petition will be denied as time-barred.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of January, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court